IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ANGEL COLON,

   Appellant,

 v.               Case No. 5D16-1789

STATE OF FLORIDA,

   Appellee.

_____/

Opinion filed February 24, 2017

Appeal from the Circuit Court
for Orange County,
Marc L. Lubet, Judge.

James S. Purdy, Public Defender, and
Kristen D. Dukes, Assistant Public
Defender, Daytona Beach, for Appellant.

Angel Colon, Graceville, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

   In this *Anders*[1] appeal, Appellant, who was convicted in 1997 of the crime of first-

degree murder committed when he was a juvenile, challenges his present sentence of

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

fifty years in prison with a review hearing under the new juvenile sentencing statutes[2] to take place after twenty-five years.[3]

We affirm on all issues raised by Appellant. However, consistent with our recent opinion in *Williams v. State*, 42 Fla. L. Weekly D363 (Fla. 5th DCA Feb. 10, 2017), we certify the following question to the Florida Supreme Court as one of great public importance:

> DOES *ALLEYNE v. UNITED STATES,* 133 S. CT. 2151 (2013), REQUIRE THE JURY AND NOT THE TRIAL COURT TO MAKE FACTUAL FINDINGS UNDER SECTION 775.082(1)(b), FLORIDA STATUTES (2016), AS TO WHETHER A JUVENILE OFFENDER ACTUALLY KILLED, INTENDED TO KILL, OR ATTEMPTED TO KILL THE VICTIM?

AFFIRMED; QUESTION CERTIFIED.

EVANDER and LAMBERT, JJ., and JACOBUS, B.W., Senior Judge, Concur.

---

[2] §§ 775.082, 921.1401, 921.1402, Fla. Stat. (2016).

[3] Appellant was previously sentenced to life in prison without the possibility of parole; however, based upon his motion and the recent decisions in *Miller v. Alabama,* 132 S. Ct. 2455 (2012), and *Falcon v. State*, 162 So. 3d 954 (Fla. 2015), the lower court granted his request for postconviction relief, vacated his life sentence, and ordered a resentencing.